JS-5

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BABAK SOBHANI, an individual, and JANINE TANG, an individual,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CV 14-6022 RSWL (MANx)<br><br>**ORDER Re: PLAINTIFF'S MOTION FOR RECONSIDERATION [15]** |

Currently before the Court is Plaintiffs Babak Sobhani and Janine Tang's ("Plaintiffs") Motion for Reconsideration [15]. Having considered all the arguments presented, the Court now **FINDS AND RULES AS FOLLOWS:** Plaintiffs' Motion is **GRANTED**.

1

## I.   BACKGROUND

On March 13, 2013, a NASA employee allegedly struck Plaintiffs Sobhani and Tang with a motor vehicle as Plaintiffs were crossing the street in Santa Monica, California.  Mot. 6:6-10.  Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2671, "Plaintiffs filed administrative tort claims with NASA on December 23, 2013."  Mot. 3:6-10.  Because Plaintiffs never received a response from NASA regarding the claim, Plaintiffs' administrative remedies were thereby exhausted on June 21, 2014.  Mot. 3:12-16.

Plaintiffs filed the initial Complaint [1] on July 31, 2014.  Mot. 3:18-19.  Plaintiffs attempted to serve Defendant United States a letter dated August 7, 2014 however, Plaintiffs improperly addressed the letter, and as a result, Defendant denied service.  Mot. 3:19-21.  In response to the improper service, the United States Attorney's Office sent a letter to Plaintiffs, which provided the proper address for service.  Mot. 3:21-24.  Service of the original Complaint was due by November 28, 2014.  Mot. 6:17-19  Plaintiffs filed their First Amended Complaint [9] on September 3, 2014.  Mot. 3:24-25.  Plaintiffs claim to have served Defendant on December 29, 2014,  Mot. 6:19-20, and filed their Proof of Service [12] on January 2, 2015.  Around the service deadline, November 28, 2014, Plaintiffs changed counsel from the Law Offices of

Anthony Koushan to their current counsel, Girardi & Keese. Mot. 3:27-28; Mot. 6:21-24. The Court dismissed the Action on January 12, 2015 for failure to prosecute. Mot. 4:5-6; Amended Order Dismissing Complaint 2:1-2 (dismissing this Action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m) and 41(b)) [14]. Plaintiffs filed this Motion for Reconsideration [15].

## II. DISCUSSION

**A. Legal Standard**

<u>Relief from Final Judgment</u>

Rule 60(b) permits a court to, "on motion and just terms," "relieve a party . . . from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying

it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b)(1)-(6).

**B.  Analysis**

1.  Relief from Final Judgment

Rule 60(b) permits a court to, "on motion and just terms," "relieve a party . . . from a final judgment, order, or proceeding" for reasons including excusable neglect.  Fed. R. Civ. P. 60(b)(1).  "Excusable neglect encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness."  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (alteration in original) (citations omitted) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394-95 (1993)) (internal quotation marks omitted).  Furthermore,

> the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24

(9th Cir. 2000) (citing Pioneer, 507 U.S. at 395).[1]

Here, Plaintiffs argue that their failure to serve and file proof of service within the prescribed one hundred-twenty days was due to excusable neglect. Mot. 8:25. The Court thus analyzes the Pioneer factors to determine whether the delinquent filing of proof of service, due to the change in counsel, is excusable neglect.

      a. *The Danger of Prejudice to the Opposing Party*

There is a presumption of prejudice against the non-moving party unless the movant provides a non-frivolous justification for the delay. Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998). Here, Plaintiffs' justification for their delay was the change in counsel. Mot. 6:21-24. Once a "plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1281 (9th Cir. 1980). Therefore, this factor weighs in favor of finding excusable neglect because Defendant has not opposed the Motion to Reconsider.

---

[1] Although Pioneer, 507 U.S. at 395 addressed bankruptcy law, the Ninth Circuit also uses the Pioneer standard to analyze excusable neglect under Federal Rule of Civil Procedure 60(b)(1). See Lemoge, 587 F.3d at 1192.

5

Moreover, "[a] defendant losing the benefit of expiration of the statute of limitations has been found not to constitute prejudice within the meaning of Fed. R. Civ. P. 4(m)." Alamzad v. Lufthansa Consulting GMBH, 2005 U.S. Dist. LEXIS 43529, at *7 (N.D. Cal. Aug. 4, 2005) (citing Boley v. Kaymark, 123 F.3d 756, 758 (3rd Cir. 1997)). Plaintiff's delinquent service did not prejudice Defendant, especially, because by at least August 19, 2014, Defendant received and "presumably possessed a copy of the original complaint based on their acknowledgment of its technically improper address." Mot. 7:24-8:2; c.f. Gabaldon v. City of Peoria, 2013 U.S. Dist. LEXIS 139379, at *18 (D. Ariz. Sept. 27, 2013) (finding that the plaintiff's failure to serve, and the court's extension of time to effectuate service, was not unduly prejudicial to Defendant). As such, this factor weighs in favor of finding excusable neglect.

    b. *Length of Delay and Impact*

Pursuant to Federal Rule of Civil Procedure 60(c), a motion under Rule 60(b)(1) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c). Here, Plaintiff's Motion for Reconsideration was filed nine days after the Order dismissing the Action was entered. See Dckt ## 14, 15. Therefore, assuming that excusable neglect could exist, the delay caused by the filing of the instant motion is minimal

and reasonable.  See Tung Tai Group v. Oblon, 2010 U.S. Dist. LEXIS 76828, at *7-*8 (N.D. Cal. July 6, 2010)

The second factor considers the "length of the delay and its potential impact on judicial proceedings."  Pioneer, 507 U.S. at 395.  Here, the nine day delay caused by filing this motion should not greatly impact this Action.  See e.g., Bateman, 231 F.3d at 1225 (finding that the filing of a Rule 60(b)(1) motion a little over a month after judgment was entered weighed in favor of finding excusable neglect).  Furthermore, because this Action is in its infancy, this factor weighs in favor of excusable neglect.  See Trueman v. Johnson, 2011 U.S. Dist. LEXIS 147314, at *16-*17 (D. Ariz. Dec. 21, 2011).

  c. *Reason for the Delay*

"Analysis of the reason for a delay includes 'whether it was within the reasonable control of the movant.'"  Tung Tai, 2010 U.S. Dist. LEXIS 76828, at *8 (citing Pioneer, 507 U.S. at 395).  Plaintiffs' reason for delay was their substitution of counsel around the time of the filing deadline.  Mot. 6:21-23.  Plaintiffs cite to Laurino, 279 F.3d at 761, where the Ninth Circuit reversed a trial court's dismissal of a case when the plaintiff, who was changing counsel, failed to comply with a court order to appear, to support their case.

In Laurino, the plaintiff filed an affidavit explaining that the plaintiff had no counsel at date

plaintiff was ordered to appear, and that plaintiff had not retained counsel until after the action was dismissed.  279 F.3d at 752-53.  Here, Plaintiffs have explained that "there was a change of counsel which occurred around the time the 120 days expired."  Mot. 6:22-24.  Furthermore, Plaintiff retained counsel prior to responding to the Court's Order to Show Cause.  See Dckt. ## 11, 12.  Although Plaintiffs' brief explanation is vague, the facts of this Action are sufficiently similar to Laurino, 279 F.3d at 754.  As such, this factor weighs in favor of finding excusable neglect.  See Laurino, 279 F.3d at 754.

        d. *Good Faith*

Plaintiffs failed to effectuate service because Plaintiffs delivered a copy of the Summons and Complaint to Defendant by letter dated August 7, 2014, but failed to provide the proper address.  Mot. 3:19-21; see also Dckt. # 15-2.  Plaintiffs received a letter from the United States Attorney's Office stating that the address was incorrect; thus, presumably, Defendant received the copy of the Summons and Complaint.  Mot. 7:24-28. Subsequently, Plaintiffs underwent a change of counsel, which Plaintiffs argue, is the reason for the delinquent service.  Mot. 6:22-24.  "There is no evidence that [Plaintiffs] acted with anything less than good faith. [Plaintiffs'] errors resulted from negligence and carelessness, not from deviousness or willfulness."  Bateman, 231 F.3d at

1225.  Therefore, this factor also weighs in favor of finding excusable neglect.

All four Pioneer factors weigh in favor of finding excusable neglect.  Thus, the Court finds that Plaintiffs' delinquent filing proof of service was due to excusable neglect sufficient to merit relief from judgment under Fed. R. Civ. P. 60.

### 2. Rule 4(m)

Plaintiffs assert that the extension of time to file proof of service of the Summons and First Amended Complaint is an adequate alternative to dismissal without prejudice.  Mot. 9:27-10:1.  Pursuant to Federal Rule of Civil Procedure 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  To show good cause, Plaintiffs must show that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)).  The Court also has discretion to extend the time period to effectuate service, upon a finding of excusable neglect, even if Plaintiffs fail to prove good cause.  Lemoge, 587 F.3d at 1198 (citing In re Sheehan, 253 F.3d at 512, 514).

#### a. *Actual Notice*

1     "Actual notice requires that defendants who have
2 not been served with process demonstrate in some way
3 that they personally received actual notice of the
4 complaint during the 120-day period." Vertin v.
5 Goddard, 2013 U.S. Dist. LEXIS 65627, at *12 (D. Ariz.
6 May 8, 2013) (citing Lemoge, 587 F.3d at 1198). Here,
7 Defendant received actual service of the Summons and
8 Complaint, and even responded to Plaintiffs stating
9 that service was ineffective because the letter was
10 incorrectly addressed. See Dckt. # 15-2. Therefore,
11 this factor weighs in favor of finding good cause.
12     b. *Prejudice to Defendant*
13     While excusable neglect and good cause are two
14 distinct legal standards, the two standards overlap
15 when it comes to analysis of the prejudice to the
16 defendants. Golf Sav. Bank v. Walsh, 2010 U.S. Dist.
17 LEXIS 83606, at *6 (D. Or. Aug. 13, 2010). As
18 discussed previously in the excusable neglect context,
19 the absence of prejudice to Defendant in this case
20 supports a finding of good cause. See Vertin, 2013
21 U.S. Dist. LEXIS 65627, at *12.
22     c. *Prejudice to Plaintiffs*
23     Where a dismissal without prejudice would severely
24 prejudice a plaintiff because the statute of
25 limitations would bar its claim, relief may be
26 appropriate. Trueman, 2011 U.S. Dist. LEXIS 147314, at
27 *10; see also Mann v. Am. Airlines, 324 F.3d 1088, 1091
28 (9th Cir. 2003) ("Relief may be justified, for example,

if the applicable statute of limitations would bar the re-filed action."). Thus, this factor weighs for finding good cause.

All three factors weigh in favor of finding good cause. Because the Court has found excusable neglect and good cause, the Court will extend time for Plaintiffs to file proof of service.

### III. CONCLUSION

For the foregoing reasons, the Court finds excusable neglect under Fed. R. Civ. P. 60(b) sufficient to relieve Plaintiffs from the final judgment issued in this case [14]. Plaintiff shall have sixty days from the issuance of this order to effect service of process.

**IT IS SO ORDERED.**

DATED: May 27, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge